167 So. 425

**WILLIAMS v. DUPUY.**

No. 33215.

March 30, 1936.

Malcolm E. Lafargue, of Shreveport, for appellant.

Samuel Moreau, of Marksville, for appellee.

BRUNOT, Justice.

This is an appeal from a judgment rejecting the plaintiff's demand, dismissing his suit, and taxing him with the costs of the court.

The suit is for damages. It is based upon an alleged violation of an alleged oral lease. The sum prayed for in the plaintiff's petition is $10,700, itemized in articles 11, 12, 13, and 14 thereof. The defendant's answer to the suit is, in substance, a general denial. It denies, categorically, every material allegation of the plaintiff's petition. The case was tried on the issues presented by the pleadings, with the result stated, supra. The disposal of the case hinges upon the court's finding of facts.

The first question to be considered is whether or not the litigants actually entered into an oral contract of lease. If it be found that they did not, the judgment appealed from must be affirmed, for the reason that all damages claimed by the plaintiff are predicated upon the alleged existence and violation of that contract.

The record discloses that, approximately 3 months prior to the date of the alleged oral contract of lease, the defendant had leased the identical property to the Texas Company, a Delaware corporation, for a term of 5 years, beginning February 20, 1933. We find that the defendant was the agent of the Texas Company at Marksville, Avoyelles parish, La., and the manager of that company's bulk station in that city. We find that all subagents of the company in that territory were appointed by the company upon the recommendation of its said agent; that all subagents of the company were required to enter into a written agreement with the company before being placed in charge of one of its filling stations; and that the plaintiff signed such an agreement. He was thereupon appointed an agent of the Texas Company, and was placed in charge of the Texas Company's filling station in Marksville on May 1, 1933. The lease from the defendant to the Texas Company appears in the transcript at pages 34, 35, 36, and 37 thereof. The service station agency contract, in which the Texas Company appointed the plaintiff its agent at its service station in Marksville, was copied in the transcript twice, first on pages 31, 32, and 33, and again on page 38 et seq.

On the trial of the case, the plaintiff called the defendant for cross-examination. The substance of defendant's answers on cross-examination is a positive denial of the lease of the property to plaintiff, but he stated that on account of his friendship for the plaintiff's mother-in-law, who had interceded for him, defendant had the plaintiff appointed the service station agent of the Texas Company at its service station in Marksville. The plaintiff and his mother-in-law flatly contradict the defendant's testimony.

During the course of the trial other witnesses were called; two for the plaintiff and seven for the defendant. None of these witnesses was present at the time the alleged oral lease is purported to have been made, and they knew nothing about the lease, but they did know about the plaintiff's agency agreement with the Texas Company, and the plaintiff's operation of the service station conformably to the terms of that agreement. It is, so far as we know, where this court is called upon to resolve conflicting testimony, the practice to give great weight to the trial judge's finding of facts. Upon all controverted facts of the case, except the alleged oral lease, we find that the defendant's testimony is supported by all of the disinterested witnesses in the case; in fact, by all of the testimony except that of the plaintiff, his wife, and his mother-in-law. The trial judge saw and heard the witnesses; he doubtless knew them personally; and, from our reading of the record, we find no reason to doubt that he has correctly resolved the facts.

For the reasons assigned, the judgment appealed from is affirmed, at appellant's cost.

O'NIELL, C. J., absent.